## Reams v. City of London.

Jan. 26, 1943.

Rehearing Denied March 23, 1943.

474

H. C. Clay for appellant.

Begley & Begley for appellee.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—
Affirming.

Town Branch is a natural stream running through the city of London and has always been used for the discharge of sewage by residents along its banks. On October 7, 1927, the city of London, by ordinance, provided for the installation of a sewage system and, pursuant to the ordinance, built sewers and septic tanks at a cost of $59,000. The system so constructed was used until July 2, 1937, at which time the city completed the construction of a sewage disposal plant and extended its sewers whereby the sewage passed through the disposal plant and emptied into Town Branch a short distance outside the city limits, and about 80 feet above the property owned by appellant.

The action was instituted by the latter to recover damages of the city for the alleged pollution of Town Branch as a result of improper functioning of the sewage disposal plant, rendering the water in the branch unfit for use by man or beast and polluting the air with a stench so disagreeable as to render appellant's property unsuitable for any purpose. Appellant alleged that the damage was caused by the construction of a permanent structure and contends that he is entitled to recover for past and future damages, once for all, in this action. The city entered a general denial of all material allegations of the petition and amended petition, including the allegation in respect to the permanency of the structure, and, affirmatively alleged that at the time appellant acquired the property in the year 1927, the condition now complained of was in existence and known to appellant.

These facts were pleaded in bar of appellant's right to recover in this action.

Upon the trial, the case was submitted to the jury and judgment entered on a verdict in favor of the defendant. Appellant relies on the following grounds for reversal of the judgment. (1) Error of the court in refusing to give to the jury instructions offered by appellant; (2) error of the court in giving to the jury instructions numbered 4, 5, 6, and 7; (3) error of the court in admitting incompetent testimony; and, (4) the verdict is not supported by the evidence.

The instructions offered by appellant and refused by the court are lettered A and B and are substantially the same as those given by the court in instructions 2 and 3. These instructions are the usual instructions in cases where the damages are caused by a permanent structure. Instruction 4 incorporated the law in respect to appellant's rights if the jury should believe the damage, if any, was caused by a temporary structure; and it is claimed that, since the sewage disposal plant was a permanent structure as a matter of law, the court erred in giving instruction 4. Instruction 5 merely told the jury that if they found for plaintiff they should state in their verdict whether the damages were caused by a permanent or temporary structure. Instruction 6 charged the jury to find for the defendant if they believed from the evidence that at the time the plaintiff purchased the property it was burdened with the contaminating agencies and substances about which the plaintiff is now complaining. Instruction 7 told the jury that they should not consider any damages or injuries to the plaintiff or his property caused by persons other than the defendant city.

Since the jury found for the defendant, we would not be authorized to reverse the judgment on the ground the court submitted the issue as to the permanent or temporary character of the structure it is alleged caused the damage. It is obvious that the verdict was based upon the finding that the city did not cause the pollution of the stream, or finding that the stream was in the same condition at the time complained of that it was at the time appellant acquired the property it is alleged was damaged; and, unless the case must be reversed for a new trial for some other reason, it is unnecessary for us to

determine whether the alleged damage was caused by a permanent or temporary improvement. It was not error, although perhaps superfluous, to tell the jury in instruction No. 7 that the defendant city was not liable for the pollution of the stream caused by outside agencies, because the very basis of appellant's action was damage, if any, caused by the city. Since we have concluded that the judgment should not be reversed on other grounds, we deem further discussion of the instructions to be unnecessary.

It is claimed that the court permitted the defendant to introduce incompetent evidence. Much of this evidence was in respect to the price paid by plaintiff for his property, and the value and increased value of other properties located nearby. This evidence, if incompetent (and about which we express no opinion), was not prejudicial to the substantial rights of appellant, because it is addressed solely to the amount of damages, in the event the jury should have awarded a verdict in favor of appellant. The evidence in respect to the condition of the atmosphere around the old septic tanks was competent, because it bears directly on the issue of whether the atmosphere was in no worse condition after the installation of the sewage disposal plant than it was at the time appellant acquired the property it is claimed was rendered unfit for use by the installation of the plant. Without doubt, the court erred in permitting the Mayor and other witnesses to testify concerning opinions given them by experts in respect to matters relating to the permanent or temporary character of the sewage disposal plant and sewage system; but, since all of the incompetent testimony of these witnesses was in respect to that issue, and since that issue was eliminated by the finding of the jury either that the plaintiff had not been damaged by the defendant to any extent, or that the stream was in the same state of pollution at the time plaintiff acquired the property as it was at the time of the trial, the error was not prejudicial to appellant's substantial rights. No complaint is made of any testimony introduced on the sole issue decided by the jury.

The complaint that the verdict is not supported by the evidence is without merit. Defendant introduced several witnesses who testified that Town Branch was in the same state of pollution at the time appellant acquired the property that it was at the time complained

of in the petition. This evidence is sufficient to support the verdict of the jury.

Wherefore, the judgment is affirmed.